# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
            )
  v.        )  ID No. 1601011422
            )
BRIAN LIVINGSTON,   )
            )
    Defendant.   )
            )

Date Submitted: September 1, 2022
Date Decided: November 21, 2022

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Sentence Modification ("Rule 35(b) Motion"),[1] Defendant's *Pro Se* Motion for Postconviction Relief ("Rule 61 Motion"),[2] Defendant's *Pro Se* Motion for Appointment of Postconviction Counsel,[3] Superior Court Criminal Rule 35(b), Superior Court Criminal Rule 61, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1) Defendant pled guilty to Manslaughter, Robbery Second Degree, and Conspiracy Second Degree on September 14, 2016.[4] By Order dated March 24, 2017, effective January 17, 2016, the Court sentenced Defendant as follows: for Manslaughter, 25 years at Level V,[5] suspended after 12 years for decreasing levels

---

[1] Def.'s Rule 35(b) Mot., D.I. 32.
[2] Def.'s Mot. PCR, D.I. 29.
[3] Def.'s Mot. PCR Counsel, D.I. 30.
[4] D.I. 5.
[5] The first two years of this sentence are mandatory pursuant to 11 *Del. C.* § 632.

of supervision; for Robbery Second Degree, 5 years at Level V, suspended for 18 months at Level III; and for Conspiracy Second Degree, 2 years at Level V, suspended for 18 months at Level III.[6] The Court imposed concurrent probation for all three offenses.[7] Defendant did not file a direct appeal.

(2) Defendant has filed four previous motions raising contentions similar to those in the instant Motions.[8]

## RULE 35(b) MOTION

(3) Defendant filed the instant Rule 35(b) Motion on September 21, 2022.[9] In this motion, Defendant asks for a two-year sentence reduction.[10] In support of his motion, he points to his remorse, many rehabilitative efforts, and growth while incarcerated.[11]

(4) Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[12] The purpose of Rule 35(b) is to "provide a reasonable period for the

---

[6] Sentence Order, D.I. 12.

[7] *Id.*

[8] *See* Def.'s First Rule 35(b) Mot., D.I. 13; Def.'s Rule 35A Mot., D.I. 17; Def.'s Mot. for Modif., D.I. 19 (D.I. 19 was not made under any of the Delaware Superior Court Rules of Criminal Procedure, but rather referenced 11 *Del. C.* § 4204A(d)(1).); Def.'s Second Rule 35(b) Mot., D.I. 23. The Court denied all four prior motions. *See* Order Den. Def.'s First Rule 35(b) Mot., D.I. 16; Order Den. Def.'s Rule 35A Mot., D.I. 18; Order Den. Def.'s Mot. for Modif., D.I. 22; Order Den. Def.'s Second Rule 35(b) Mot., D.I. 28.

[9] Def.'s Rule 35(b) Mot., D.I. 32. Although they were filed separately, the Court will address Defendant's Rule 35(b) Motion, submitted September 21, 2022, contemporaneously with Defendant's postconviction motions, submitted September 1, 2022.

[10] *Id.*

[11] *Id.* at 1-5. The Court did not require the State to respond to Defendant's motion. D.I. 31.

[12] Super. Ct. Crim. R. 35(b).

Court to consider alteration of its sentencing judgments."[13] Rule 35(b) contains procedural bars for timeliness and repetitiveness.[14] Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed" and will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[15] Furthermore, under Rule 35(b) "[t]he [C]ourt will not consider repetitive requests for reduction of sentence."[16]

(5) First, Defendant's Rule 35(b) Motion is time-barred. Defendant's motion was filed on September 21, 2022 – more than five years after he was sentenced.[17] The Court may only consider an otherwise time-barred Rule 35(b) motion in two circumstances: when a movant demonstrates "extraordinary circumstances" or when the motion is filed pursuant to 11 *Del. C.* § 4217.[18]

(6) Defendant has not argued that there are "extraordinary circumstances" supporting his request, he simply pleads for leniency.[19] To the extent his rehabilitative efforts and remorse are meant to be interpreted as an assertion of "extraordinary circumstances," while commendable, they do not overcome the high

---

[13] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[14] Super. Ct. Crim. R. 35(b).
[15] *Id.*
[16] *Id.*
[17] Sentence Order, D.I. 12. The Court sentenced Defendant on March 24, 2017. *Id.*
[18] Super. Ct. Crim. R. 35(b).
[19] *See Remedio*, 108 A.3d at 331-32 ("A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made.").

bar of proving "extraordinary circumstances" that an untimely movant seeking modification faces.[20] The remaining exception to the time-bar is inapplicable because the Department of Correction has not submitted an application pursuant to 11 *Del. C.* § 4217. Accordingly, Defendant's Rule 35(b) Motion is time-barred.

(7) Second, Defendant's Rule 35(b) Motion is repetitive. The bar against repetitive motions "is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[21] This is Defendant's third Rule 35(b) Motion,[22] and it is therefore procedurally barred as repetitive.

## RULE 61 MOTION

(8) Defendant filed the instant Rule 61 Motion with an accompanying "Memorandum Supporting Rule 61 Motion" on September 1, 2022.[23] Defendant alleges three claims for postconviction relief. First, Defendant contends that counsel failed to advise Defendant of the time-served requirements of 11 *Del. C.* §

---

[20] *See State v. Redden*, 111 A.3d 602, 607-08 (Del. Super. 2015) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and be the reason the movant was prevented from timely filing; meanwhile rehabilitative efforts are within the movant's control and are covered by 11 *Del. C.* § 4217). *See also Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) (TABLE) (stating remorse is not an extraordinary circumstance).

[21] *Redden*, 111 A.3d at 608-09.

[22] *See* Def.'s First Rule 35(b) Mot., D.I. 13; Def.'s Second Rule 35(b) Mot., D.I. 23; Def.'s Rule 35(b) Mot., D.I. 32.

[23] Def.'s Mot. PCR, D.I. 29; Def.'s Mem. PCR, D.I. 29.

4204A(d)(1),[24] and argues he is entitled to have his sentence reviewed pursuant to this statute.[25] Second, Defendant contends that counsel was "ignorant" as to whether Defendant was eligible for sentence review under 11 *Del. C.* § 4204A(d)(1) and failed to argue, as an issue of first impression, that the statute should apply to Defendant.[26] Third, Defendant argues that because he committed the offenses when he was seventeen, the Court's failure to review his sentence pursuant to 11 *Del. C.* § 4204A(d)(1) violates his constitutional rights to Due Process and Equal Protection.[27]

(9) Superior Court Criminal Rule 61 governs postconviction relief. Before addressing the merits of any claim for postconviction relief, the Court must consult the four procedural bars in Rule 61(i).[28] Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of

---

[24] 11 *Del. C.* § 4204A(d)(1) explains when defendants who committed a crime before age eighteen may move for sentence review under Super. Ct. Crim. R. 35A. It states:

> Notwithstanding any provision of this title to the contrary, any offender sentenced to an aggregate term of incarceration *in excess of 20 years for any offense or offenses other than murder first degree that were committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification after the offender has served 20 years* of the originally imposed Level V sentence.

*Id.* (emphasis added).

[25] Def.'s Mot. PCR at 1, D.I. 29; Def.'s Mem. PCR at 4-5, D.I. 29. The Court notes that Super. Ct. Crim. R. 35(b) provides an avenue for Defendant to move for modification of his sentence, of which he has availed himself multiple times. Def.'s First Rule 35(b) Mot., D.I. 13; Def.'s Second Rule 35(b) Mot., D.I. 23; Def.'s Rule 35(b) Mot., D.I. 32.

[26] Def.'s Mot. PCR at 3, D.I. 29; Def.'s Mem. PCR at 6-7, D.I. 29.

[27] Def.'s Mot. PCR at 3, D.I. 29; Def.'s Mem. PCR at 8-10, D.I. 29.

[28] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

5

conviction is final.[29]  Rule 61(i)(2) bars the consideration of successive motions.[30] Rule 61(i)(3) bars procedurally defaulted claims.[31]  And Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case.[32]

(10)  Defendant's Rule 61 Motion is time-barred under Rule 61(i)(1).  A postconviction motion is untimely if it is "filed more than one year after the judgment of conviction is final."[33]  If a defendant does not file a direct appeal, the conviction is deemed final thirty days after sentencing.[34]  Defendant was sentenced on March 24, 2017.[35]  Because Defendant did not file a direct appeal, his conviction became final on April 23, 2017.  The instant Rule 61 Motion was filed on September 1, 2022 – more than five years after that date.[36]  Because the Rule 61 Motion is untimely, all claims are procedurally barred under Rule 61(i)(1) and the Court therefore will not consider the merits.[37]

**MOTION FOR APPOINTMENT OF POSTCONVICTION COUNSEL**

(11)  Pursuant to Rule 61(e)(3), the Court has discretion to appoint counsel for a movant's first postconviction motion in a guilty plea case only when that

---

[29] Super. Ct. Crim. R. 61(i)(1).
[30] Super. Ct. Crim. R. 61(i)(2).
[31] Super. Ct. Crim. R. 61(i)(3).
[32] Super. Ct. Crim. R. 61(i)(4).
[33] Super. Ct. Crim. R. 61(i)(1).
[34] Super. Ct. Crim. R. 61(m)(1).
[35] Sentence Order, D.I. 12.
[36] Def.'s Mot. PCR, D.I. 29.
[37] *See Younger*, 580 A.2d at 554.

motion is timely filed.[38]  Because Defendant's Rule 61 Motion is time-barred, the Court will not appoint counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's *Pro Se* Motion for Sentence Modification, *Pro Se* Motion for Postconviction Relief, and *Pro Se* Motion for Appointment of Postconviction Counsel are **DENIED**.


_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Brian J. Robertson, DAG
       Brian Livingston (SBI# 00741658)

---

[38] Super. Ct. Crim. R. 61(e)(3).